*986 OPINION.
Morris:
The question presented to us in this proceeding is whether upon the facts hereinabove set forth the petitioner may deduct during the taxable year in question the loss claimed. As to the major portion of the loss the record is lacking in the salient factors for the determination of that question. We are advised of certain book entries carried forward from prior ledgers representing purchases of the stock in question both prior and subsequent to March 1, *987 1913, and assessments thereon. The record is silent as to the number of shares purchased, the dates thereof, the dates of the assessments, the March 1, 1913, value of the stock held on that date and the purchases and assessments subsequent thereto. The fact that assessments were made on the stock leads us to believe that the March 1, 1913, value was substantially less than cost, which inference is substantiated by the testimony of one of the witnesses to the effect that the stock in question was never worth what it cost and, with the possible exception of the Huntington Park Association, was not even bought for investment purposes but for the indirect benefits flowing from its acquisition in the increased volume of hotel business.
It appears, however, that certain expenditures were made in the fiscal years 1918 and 1919 and charged to expense, which were, after the opening of the new ledger, debited to the two stock accounts in question, representing either additional purchases of stock or assessments. Whether one or the other is immaterial, as in either event such expenditures should be added to the March 1, 1913, value of the stock, and if such value were zero, they would constitute the basis for computing the loss in the absence of specific evidence of other such expenditures after that date. It therefore becomes necessary to determine whether under the instant facts the petitioner may deduct as a loss the difference between those expenditures and the sale price of the stock.
The resolution of the board of directors authorized the sale of the stock for cash at the best price obtainable. There is no evidence of any effort being made to sell the stock to outside interests. On the contrary, Miller did not want any sale to be made which would necessitate a transfer on the stock records. The stock stood in his name; he was president of the petitioner. Two weeks after the passage of the resolution the stock was sold to other stockholders, one his daughter, who was secretary of the corporation, and her husband. The stock was purchased primarily with the idea that through its ownership business would be increased. After the sale the petitioner continued to derive whatever advantage existed from its ownership.
We were not given the benefit of any testimony from the principals in the transaction whose knowledge of the facts might have thrown considerable light thereon. On the basis of the facts presented, we are of the opinion that the sale was not bona -fide, and that, even to the extent of the expenditures made after March 1, 1913, and identified, minus the sale price of the stock, the petitioner did not sustain a deductible loss.

The deficiency for 1981 is $7fiJ¡,8.8J¡.. Order will be entered accordingly.